Fuchsberg, J.
(concurring). I too vote to reverse.
In doing so, I am keenly aware of the absurdity of many of the stringencies imposed by our statutory scheme on those to whom it is intended to afford a fair opportunity to obtain a place on the ballot through the avenue of the independent petition (Election Law, § 138). The short legislatively fixed time interval within which signatures are to be gathered, in most cases by inexperienced volunteers, almost inevitably produces an abundance of irregularities, all the more so in a State-wide election contest for which a petitioner must obtain a minimum of 20,000 valid signatures, including at least 100 who reside in each of one half of New York State’s 39 congressional districts (Election Law, § 138, subd 9). The problem is compounded by the equally pressured time intervals within which courts, election boards and other interested parties are called upon to review them.
In reversing, I would therefore not do so on the ground that the requirements of subdivisions 7 and 8 of section 138 of the Election Law have not been met. Those requirements, which in my view are essentially administrative rather than substantive, besides the arrangement along county and congressional district lines to which the majority alludes, include such matters as the binding of the petition and the listing on cover sheets of the office involved, the name and residence of the candidate, the number of pages comprising the petition and the total number of signatures. The failure to strictly adhere to its provisions, while no doubt intended to aid those who later may be required to review the petitions, ought not, except in an extreme case, invalidate and thus disenfranchise the many thousands of voters who are its signatories. No statutory provision prohibits petition sheets from containing signatures of voters who reside in more than one district. For those who canvass for signatures multiple petitions would but add to the immense handicaps they already face. In short, in the case before us, I am in complete accord with the determination of the majority of the Appellate Division that, as *632 regards subdivisions 7 and 8 of section 138 of the Election Law, the petition here was not fatally defective.
However, in resolving the other factual issues in this case, I am compelled to conclude, as did Special Term, that the individual signatures and those of the subscribing witnesses literally by the thousands were completely lacking in identification with regard to election or assembly district (Matter of Berry v Dodd, 38 NY2d 995; Matter of Rutter v Coveney, 38 NY2d 993) or were so deficient in other ways recognized by law as to bring the number of valid signatures well below the 20,000 mandated by law.
Accordingly, I join in reversing the order of the Appellate Division.